**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLEMON HARDY POTTS, | No. 14-15038 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-02870-CKD |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding

Argued and Submitted February 9, 2016
San Francisco, California

Before: HAWKINS, W. FLETCHER, and MURGUIA, Circuit Judges.

Clemon Potts appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for Disability

Insurance Benefits and Supplemental Security Income under Titles II and XVI of

the Social Security Act, 42 U.S.C. §§ 401–34, 1381–83f. This Court has

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons that follow, we vacate the district court's judgment and remand with instructions to remand to the agency for an award of benefits.

We review a district court's order affirming an Administrative Law Judge (ALJ)'s denial of disability benefits de novo. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The agency's determination must stand unless it "was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Id.* Substantial evidence justifies the Commissioner's conclusions "if they are supported by inferences reasonably drawn from the record." *Id.* at 1111.

Social Security Administration regulations establish a five-step inquiry to determine a claimant's entitlement to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At the third step, the Commissioner must determine whether an applicant's severe impairments "meet[] or equal[]" disabling conditions that are listed in an appendix to the regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d). If the Commissioner determines that they do, the Commissioner must find the applicant disabled without any additional review. *Id.* In the appendix, Listing 12.05B establishes that an individual is disabled if he (1) has "[a] valid verbal, performance, or full scale IQ of 59 or less" and (2) can

"demonstrate[] or support[] onset of the impairment before age 22." 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05B.

Here, a psychologist determined that Potts had a full-scale IQ of 53. Further, school records revealed that Potts was consistently placed in special education classes. Nonetheless, the ALJ determined that Potts did not meet Listing 12.05B in part because the ALJ believed that the psychologist's report failed to sufficiently comment on the validity of the IQ scores. The ALJ also asserted that the IQ scores were belied by record evidence suggesting that Potts could read, play dominos and cards, and perform semi-skilled work, among other activities.

The ALJ's rejection of the psychologist's report and school records was based on neither "clear and convincing reasons" nor "specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (internal quotation marks omitted). The psychologist provided detailed reasons why he believed the IQ score to be valid, including consistency with Potts's performance on other tests and the psychologist's observations during a clinical interview. No other expert reviewed the IQ results or conducted additional intelligence testing of Potts, and the record does not support the ALJ's assertions that Potts's daily activities, like playing cards and dominoes, were inconsistent with an IQ of 53. Further, the school records Potts

3

provided plainly establish that his intellectual impairments and deficits in adaptive functioning began before he turned 22. The ALJ's reasoning to the contrary amounts to speculation rather than reasonable inferences drawn from the record. *See Molina*, 674 F.3d at 1111.

Properly crediting the psychologist's report and the school records, Potts qualifies for benefits under Listing 12.05B, and "further administrative proceedings would serve no useful purpose." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Therefore, we vacate the district court's judgment and remand with instructions to remand to the Commissioner of Social Security to calculate and award benefits to Potts. *See id.*

**VACATED AND REMANDED.**

Costs are awarded to Appellant.

4